# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KAREN WEISMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 3024 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| FIRST DATA MERCHANT ) | |
| SERVICES CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Karen Weisman has sued First Data Merchant Services Corporation ("First Data") for its alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The case is before the Court on plaintiff's motion to strike, in whole or in part, defendant's affirmative defenses one, two, five, nine, ten, thirteen, fifteen and sixteen. For the reasons set forth below, the motion is granted.

### Discussion

Federal Rule of Civil Procedure ("Rule") 12(f) permits a court to strike from a pleading "any insufficient defense" Fed. R. Civ. P. 12(f). Courts in this district generally use a three-step process for analyzing the sufficiency of an affirmative defense. First, the court determines whether the matter is properly pleaded as an affirmative defense. If it is, then the court determines whether the defense satisfies Rule 8 and, if applicable, Rule 9. If it does, then the court takes the last step, determining whether the defense withstands a Rule 12(b)(6) challenge. *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982). With these principles in mind, we turn to the contested defenses.

## First Affirmative Defense

Defendant's first affirmative defense states: "First Data denies all allegations not specifically addressed or admitted in this Answer and Affirmative Defenses." This defense is not "affirmative" because it does not admit matters raised in the complaint or raise new matter that would defeat recovery. Because it is not an appropriate affirmative defense, the Court strikes it.

## Second Affirmative Defense

Defendant's second affirmative defense is that "Plaintiff's Complaint fails, in whole or in part, to state a claim upon which the Court may grant relief against First Data." This is "a recitation of the standard for a motion to dismiss under Rule 12(b)(6)," not an affirmative defense. *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000) (quotation omitted). Without some explanation about which claim is deficient and why, this defense does not satisfy the pleading standard of Rule 8(c). The second affirmative defense is stricken.

## Fifth Affirmative Defense

Defendant's fifth affirmative defense is that "Plaintiff failed to exhaust all applicable contractual and or/administrative remedies." Plaintiff has moved to strike the reference to contractual remedies because defendant has not identified any contract that applies to this case. The Court agrees that defendant must provide that information to give plaintiff notice of the basis for the defense as required by Rule 8(c). *See Yash Raj Films (USA), Inc. v. Atl. Video*, No. 03 C 7069, 2004 WL 1200184, at *2 (N.D. Ill. May 28, 2004). Accordingly, the Court strikes the reference to contractual remedies from the fifth affirmative defense.

### Ninth & Tenth Affirmative Defenses

In its ninth affirmative defense, defendant alleges that its actions "were for legitimate, non-discriminatory, and non-retaliatory reasons and were taken in the good-faith exercise of [its] reasonable business judgment." In its tenth affirmative defense, defendant alleges that it "would have made the same employment decision(s) even in the absence of any alleged impermissible considerations." Those statements are not affirmative defenses, they are denials of plaintiff's allegations that are redundant of its answer to the complaint. (*See* Answer at 4-5); *Menchaca v. Am. Med. Response of Ill., Inc.*, 6 F. Supp. 2d 971, 972-73 (N.D. Ill. 1998) (striking affirmative defense of legitimate business reason for termination because it was just a repetition of defendant's denials of discrimination and retaliation in its answer to the complaint); *Winding v. Pier Mgmt. Serv.*, No. 96 C 7461, 1997 WL 51475, at *2 (N.D. Ill. Feb. 4, 1997) (same). Affirmative defenses nine and ten are, therefore, stricken.

### Thirteenth & Fifteenth Affirmative Defenses

In its thirteenth affirmative defense, defendant states that it "did not act in willful disregard of the requirements of any law" and that "Plaintiff has not set forth facts sufficient to state a claim under any law for punitive damages." In its fifteenth affirmative defense, defendant states that "[a]ny injury or emotional distress suffered by the Plaintiff . . . was caused by her own acts or by the acts of third parties." Once again, these statements are redundant denials of plaintiff's allegations, not affirmative defenses. (*See* Answer at 5-7.) Thus, these defenses are stricken.

### Sixteenth Affirmative Defense

Defendant's sixteenth affirmative defense states: "Defendant is without knowledge and information sufficient to form a belief as to whether it has available to it other affirmative defenses and, therefore, reserves the right to respond and/or to assert additional defenses if it becomes evident through discovery or investigation." This is not an affirmative defense, it is an attempt to circumvent the Rules about amendment of pleadings. Affirmative defense sixteen is, therefore, stricken.

### Conclusion

For the foregoing reasons, the plaintiff's motion to strike, in whole or in part, affirmative defenses one, two, five, nine, ten, thirteen, fifteen, and sixteen [doc. no. 15] is granted. Affirmative defenses one, two, nine, ten, thirteen, fifteen and sixteen are stricken in their entirety and with prejudice. The reference to contractual remedies in affirmative defense five is stricken without prejudice. Defendant has ten days from the date of this Memorandum Opinion and Order to amend its fifth affirmative defense in accordance with this Order. If it fails to do so, the failure to exhaust contractual remedies defense will be stricken with prejudice.

**SO ORDERED.**  ENTERED: 12/11/06

RONALD A. GUZMAN
United States District Judge

4