IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN WEISMAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 C 3024 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| FIRST DATA MERCHANT | ) | |
| SERVICES CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued First Data Merchant Services Corporation ("First Data") for its alleged

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* The case is before

the Court on First Data's Federal Rule of Civil Procedure ("Rule") 56 motion for summary

judgment. For the reasons set forth below, the motion is granted.

## Facts[1]

In October 2005, plaintiff was hired as a regional manager for First Data by Matt Downs,

who supervised plaintiff throughout her tenure with the company. (Def.'s LR 56.1(a) Stmt. ¶¶ C-E.)

By May 2006, plaintiff was meeting or exceeding expectations in four out of the five categories used

to evaluate regional sales managers. (Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 2.)

When plaintiff was hired by First Data, she signed an offer of employment letter,

acknowledging that she would be "subject to all Company policies applicable to the Company's

employees." (Def.'s App., Pt. I, Wesiman Dep. Ex. 3, 10/17/05 Letter to Weisman from Freel.) One

---

[1]Unless noted otherwise, these facts are undisputed.

of those policies was the Substance Abuse Policy. (Def.'s App., Pt. II, Plotkin Dep. at 144-45.) In

relevant part, that policy provides:

> The use, possession, manufacture, distribution, dispensation, or sale of any drugs or
> alcohol by any employee during working hours including rest periods and meal
> periods or while on Company property . . . is prohibited, is grounds for termination,
> and may result in criminal prosecution. An exception to this prohibition exists for
> company-approved activities or off-sites where alcohol may be served.

(*Id.*, Plotkin Dep. Ex. 11, Substance Abuse Policy at 3.)

On May 2, 2006, Stephanie Plotkin, a member of First Data's human resources department,

received an anonymous call from a female employee who claimed that plaintiff was drinking alcohol

during work hours. (Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 5.) The caller also told Plotkin that plaintiff had

ordered a female account executive to bring her child to a bar where a meeting was being conducted.

(*Id.* ¶ 10.) Plotkin subsequently learned that Sharon Stanton was the anonymous caller. (*Id.* ¶ 5.)

Plaintiff was Stanton's supervisor. (*Id.*) Plaintiff had difficulty managing Stanton, who

plaintiff says had a negative attitude and interacted poorly with other First Data employees. (*Id.* ¶

6.) In late April or early May, plaintiff issued Stanton an oral warning, pursuant to Downs'

instructions, that addressed Stanton's failure to meet her quota and her negative attitude. (*Id.* ¶ 7.)

On May 12, 2006, in a meeting with plaintiff and Plotkin, who participated via telephone,

Downs terminated plaintiff's employment. (Def.'s LR 56.1(a) Stmt. ¶ M.) When plaintiff asked

why she was being terminated, Plotkin told her it was because she had been drinking during business

hours on First Data property. (*Id.* ¶ N.) When Downs asked plaintiff if she had ever consumed

alcohol on company premises, she said "[o]ne Saturday afternoon when on personal time." (*Id.* ¶

O.) Elaborating, she told Downs that she had brought a bottle of Jack Daniels into the office one

Saturday to give to Stanton and poured Stanton a drink. (*Id.* ¶ P.) Downs placed Stanton on final

warning as a result of the incident, but did not fire her. (*Id.* ¶ U.)

Downs says he made the decision to terminate plaintiff based on the information from Plotkin and solely because plaintiff had violated First Data's substance abuse policy. (*Id.* ¶ Q; Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 13.)

## Discussion

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

In the sole count of her first amended complaint, plaintiff alleges that First Data terminated her because of her gender in violation of Title VII. To defeat defendant's motion on her claim, plaintiff must either offer direct evidence of discrimination or use the *McDonnell Douglas* indirect method of proof. *Lim v. Trs. of Ind. Univ.*, 297 F.3d 575, 580 (7th Cir. 2002). Plaintiff has chosen the latter method, which requires her first to establish a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she was meeting First Data's legitimate employment expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly situated male employee. *Id.* at 580-81. If she succeeds in establishing a *prima facie* case, the burden shifts to First Data to provide evidence of a legitimate non-discriminatory reason for her termination. *Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799,

3

806 (7th Cir.1999). If defendant does so, the burden shifts back to plaintiff to present evidence that the proffered reason is just a pretext for discrimination. *Id.* at 807.

For the purposes of this motion, First Data concedes that plaintiff satisfies the first three elements of the *prima facie* case. (*See* Def.'s Mem. Supp. Mot. Summ. J. at 3.) The parties dispute, however, whether plaintiff has satisfied the fourth element, which requires proof that First Data treated a similarly situated male employee more favorably. Two employees are situated similarly if they "dealt with the same supervisor, were subject to the same standards, and . . . engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or [First Data's] treatment of them." *Snipes v. Ill. Dep't of Corr.*, 291 F.3d 460, 463 (7th Cir. 2002) (quotation omitted).

To support this element, plaintiff offers evidence that her supervisor and peers purchased or drank alcohol after First Data meetings or functions that were conducted off-site. (*See* Pl.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 21-24, 27.) Plaintiff was not, however, terminated because she had a drink in a bar with her co-workers after a meeting. She was terminated for drinking and giving a drink to one of her subordinates in First Data's office.

Moreover, even if the instances of off-site drinking plaintiff identifies occurred during company functions rather than after them, the male employees involved would be situated similarly to plaintiff only if those functions did not fall into the "company-approved activities or off-sites" exception to the substance abuse policy. (*See* Def.'s App., Part II, Plotkin Dep. Ex. 11 at 3 (stating that "[t]he use, possession, . . . [or] dispensation . . . of . . . alcohol by any employee during working hours . . . or while on Company property . . . is prohibited . . . . [e]xcept[] . . . for company-approved activities or off-sites where alcohol may be served").) Because plaintiff has offered no facts to suggest that the exception does not apply, the male employees' alleged conduct would not be

4

comparable to hers even if it had occurred during company functions. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002) (stating that plaintiff has the burden of proving that alleged comparables are similarly situated).

Another comparable male employee plaintiff identifies is Ray Guerin. Guerin is a regional sales manager who gave another regional sales manager, Marie Goodwin, a bottle of Bailey's liqueur at First Data's office, and told her she could keep the bottle in her office to use with her coffee. (Pl.'s LR 56.1(b)(3)(C) Stmt. ¶ 25.) The only person to whom Goodwin reported Guerin's behavior is Steve Bagley, who supervised her and Guerin. (*Id.*; Pl.'s App. Ex. B, Goodwin Dep. at 8, 21.) First Data did not investigate Guerin's violation of the substance abuse policy. (*Id.*)

Despite the similarity in their conduct, plaintiff and Guerin are not similarly situated because their conduct was not evaluated by the same people. *See Little v. Ill. Dep't of Revenue*, 369 F.3d 1007, 1012 (7th Cir. 2004) (holding that to be similarly situated, an "employee must have been disciplined, or not, by the same decisionmaker who imposed an adverse employment action on the plaintiff"); *Snipes*, 291 F.3d at 463 (stating that plaintiff was not similarly situated to other correctional officers, though they were all subject to the same attendance policy because they had different supervisors who applied the policy differently); *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000) ("Different employment decisions, concerning different employees, made by different supervisors, are seldom sufficiently comparable to establish a *prima facie* case of discrimination for the simple reason that different supervisors may exercise their discretion differently."). It is undisputed that Goodwin reported Guerin's conduct to Bagley, not Downs, who made the decision to terminate plaintiff, or Plotkin, who investigated the allegations against plaintiff and recommended that plaintiff be terminated. (Pl.'s App., Ex. B, Goodwin Dep. at 21, 31-32; Pl.'s

LR 56.1(b)(3)(C) Stmt. ¶ 13.) Because it is undisputed that Guerin's conduct was not evaluated by the same people who evaluated plaintiff's, he is not situated similarly to her.

Plaintiff's inability to establish a *prima facie* case of discrimination dooms her claim.[2] Even if she had done so, however, First Data would still prevail on its motion because plaintiff has no evidence that its stated reason for terminating her – her admitted violation of the substance abuse policy – was a pretext for gender discrimination. Evidence shows pretext if it suggests that a discriminatory reason more likely motivated the termination or that First Data's proffered reason is unworthy of belief. *Rand v. CF Indus., Inc.*, 42 F.3d 1139, 1145 (7th Cir. 1994).

Plaintiff says the following evidence suggests that reason proffered by First Data is pretextual: (1) the disparate treatment of similarly situated male employees; (2) Downs' request that she sit at a table with Plotkin, instead of the regional managers, at one company function; (3) the discrepancy between Downs' testimony that he had never purchased alcohol for another employee during business hours or when business was being conducted and plaintiff's testimony that she saw him buy drinks for employees when business was being discussed; and (4) Downs' failure to investigate thoroughly the allegations against plaintiff before firing her.

The first category of pretext evidence is easily dispatched. As noted above, plaintiff has not offered facts that suggest First Data treated similarly situated males more favorably. Therefore, plaintiff's unsupported allegation that it did so does not create an inference of pretext.

Nor does the second fact plaintiff offers. Without more – evidence that Downs routinely segregated plaintiff from the male regional managers or relegated her to the "women's" group at

---

[2]Alternatively, plaintiff argues that she need not offer evidence of disparate treatment to satisfy the fourth element of the *prima facie* case but can do so by showing that her job duties were absorbed by a male. Even if that is true, an issue we do not decide, the lack of pretext evidence as discussed *infra* would still be fatal to her claim.

company events, made gender-biased comments or otherwise displayed animus towards women, – his request that she sit with Plotkin at a single company event proves nothing.

The difference between Downs' testimony and plaintiff's is similarly unilluminating. First, it is not clear that there really is a discrepancy between the two. Downs said he never bought alcohol "when business was being conducted." (Pl.'s LR 56.1(b)(3)(C) ¶ 20.) Plaintiff says he bought drinks when "[b]usiness would be discussed." (*Id.* ¶ 21.) Unless conducting business and discussing business are the same, and there is nothing in the record that suggests they are, then there is no conflict in testimony.

Moreover, even if Downs did lie about his own adherence to the substance abuse policy, it would not cast doubt on the sincerity of his belief that plaintiff had violated it. Such a lie might suggest that Downs considered himself above the policy or that First Data did not enforce the policy against its senior managers. And, though neither of those inferences is flattering to First Data, they do not support the conclusion that Downs' real reason for firing plaintiff was her gender. *See Johnson v. Univ. of Wis.-Milwaukee*, 783 F.2d 59, 64 (7th Cir. 1986) ([W]hen the burden of production shifts back to plaintiff under the indirect method of proof, plaintiff must show that defendant's proffered reason is not just a pretext, but *a pretext for discrimination*." (emphasis added)).

Nor does Downs' failure to investigate personally the allegations against plaintiff before firing her. There is no evidence that Down's procedure in this case, discussing the situation with Plotkin and confirming his termination decision with his supervisor (*see* Pl.'s App., Ex. C, Downs' Dep. at 19-33), was more truncated than or different from any other termination decision Downs has made or varied from established First Data termination policy or procedure. Absent such evidence, Down's failure to conduct further investigation does not support an inference of pretext.

7

## Conclusion

For all of the reasons stated above, defendant's motion for summary judgment [doc. no. 34] is granted.

**SO ORDERED.**

ENTERED:  5/25/07

HON. RONALD A. GUZMAN
**United States District Judge**